**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEPHANIE KAY PHILLIPS;
ROBERT PHILLIPS, as Guardian
for Jennifer Sue Phillips, a Minor;
STEPHANIE KAY PHILLIPS, as
Personal Legal Representative of the
Estate of Donna Kaye Frenzen
Phillips; DUSTIN ROBERT
PHILLIPS; SAM C. BINGAMAN,
III, as Personal and Legal
Representative of Andrew Dane
Phillips,

      Plaintiffs-Appellants,

v.

GRADY COUNTY BOARD OF
COUNTY COMMISSIONERS;
CITY OF CHICKASHA; CITY OF
TUTTLE; JASON CARPENTER,
Chickasha Police Department;
BRAD CRAWFORD, Chickasha
Police Department; DUSTIN
DOWDLE, Chickasha Police
Department; STAN FLORENCE,
Grady County Sheriff's Office;
RANDY JOHNSON, Tuttle Police
Department, EARL PETTIT, Grady
County Sheriff's Office;

      Defendants-Appellees,

and

TERRY ALEXANDER, Grady
County Sheriff's Office; KEITH

No. 02-6306
(D.C. No. 00-CV-1089-F)
(W.D. Okla.)

CLEGHORN, Grady County Sheriff's Office; ROBERT JOLLEY, Grady County Sheriff's Office; JEFF MCCONNELL, Grady County Sheriff's Office; JENNY MOYER, Grady County Sheriff's Office; TONY WILLIS, Grady County Sheriff's Department; and JOHN DOES 1-20,

Defendants.

## ORDER AND JUDGMENT [*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Donna Kaye Phillips was murdered after she served as a confidential informant for the District Six Task Force, a multi-jurisdictional narcotics task force. On behalf of Ms. Phillips' children and estate, her relatives brought civil

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

rights claims, under 42 U.S.C. § 1983, and wrongful death claims, under state law, against Grady County, the cities of Chickasha and Tuttle, and numerous county and city law-enforcement officers. The district court entered summary judgment in favor of all defendants. In this appeal, plaintiffs pursue only their claims against the Grady County Board of County Commissioners, Stan Florence (the Sheriff of Grady County), and Earl Pettit (a deputy with the Grady County Sheriff's Office and senior member of the task force). [1] We affirm.

## BACKGROUND

In a cascading series of events, Ms. Phillips was arrested on an outstanding warrant by a Chickasha police officer, detained in the county jail, recruited as a confidential informant for the task force by Chickasha and Tuttle police officers, and, the next day, utilized in two undercover drug buys from a dealer, Rodney Cheadle. As the county sheriff, defendant Florence was notified of the prospective task force operation. Defendant Pettit and the municipal officers

---

[1]    In district court, plaintiffs confessed the summary judgment motions of defendants Terry Alexander, Jason Carpenter, Keith Cleghorn, Robert Jolley, Jeff McConnell, Jenny Moyer, and Tony Willis. The district court granted these defendants summary judgment by an order dated April 29, 2002. John Does 1 through 20 were never served. District Court Order of Aug. 27, 2002 at 1, n.1 (provided as an attachment to appellants' brief). In addition, pursuant to Fed. R. App. P. 42(b), the parties filed a stipulated dismissal of the appeal with regard to defendants Jason Carpenter, Brad Crawford, Dustin Dowdle, Randy Johnson, City of Chickasha, and City of Tuttle on October 31, 2003.

orchestrated the drug buys, obtained and executed a search warrant shortly after the second buy, and arrested Cheadle during the search. Three months later, Ms. Phillips was stabbed to death. Cheadle was convicted of soliciting the murder from his jail cell.

Plaintiffs alleged in district court that the municipalities, the county, and the individual municipal and county law enforcement officers should all be held liable for Ms. Phillips' death, for a multiplicity of reasons. They asserted that Ms. Phillips was not a voluntary confidential informant: the municipal officers threatened to take away her children unless she cooperated with them, she was intoxicated and in pain at the time she signed a cooperating agreement, and she was not informed of the potential consequences. Further, they claimed that improper handling of the buy operation and Cheadle's arrest compromised her confidentiality and that jail routines which allowed Cheadle to arrange her murder endangered her security.

Based on this version of the facts, they laid out their legal claims. They alleged that: (1) Ms. Phillips' initial arrest and detention and her coerced performance as a confidential informant amounted to false arrest and imprisonment, in violation of her Fourth Amendment right to be free from illegal search and seizure; (2) defendants' threats to deprive Ms. Phillips of her children interfered with the children's right of intimate and familial association with her,

protected by the Fourteenth Amendment; (3) defendants' conduct violated

Ms. Phillips' Fourteenth Amendment substantive due process rights; and

(4) defendants were liable to plaintiffs under state-law wrongful death theories.

Groupings of defendants filed summary judgment motions, in which they challenged most of plaintiffs' factual contentions and all their legal arguments. Factually, defendants' briefs and supporting materials maintained that Ms. Phillips was properly arrested and detained, that she had volunteered her services as a confidential informant and knowingly signed a cooperating agreement, and that Ms. Phillips herself had breached her confidentiality by telling family members, friends, and Cheadle's wife of her role in Cheadle's arrest. Additionally, a month after the undercover operation, Ms. Phillips was arrested for public intoxication and booked into the county jail (where Cheadle continued to be held). A task force member was called to the jail to make her stop screaming that she had worked for the district attorney. Defendants' legal arguments were specific to their varying circumstances.

After plaintiffs submitted briefs in opposition and a separate statement of the case and counter-statement of facts, the district court was faced with the herculean task of sorting through the facts and analyzing the law applicable to

each defendant. [2] In a fifty-one page order, the district court excluded some of plaintiffs' supporting evidence as hearsay and determined that plaintiffs did not present admissible evidence showing that any of the defendants violated Ms. Phillips' Fourth Amendment rights or Fourteenth Amendment substantive due process rights, under either a special relationship or state-created danger theory. Further, it found there was no violation of plaintiffs' Fourteenth Amendment right to intimate and familial association. Finally, the district court held that plaintiffs had failed to show liability under state law.

On appeal, plaintiffs first argue that the district court erred in excluding the statements of family members repeating Ms. Phillips' accounts of law enforcement officers' threatening to take her children away. Plaintiffs contend

---

[2]  Plaintiffs apparently submitted affidavits and transcripts supporting their position in district court. The appendix filed in this court, however, includes only plaintiffs' statement of the case and counter-statement of facts, without the supporting materials. It is the appellants' responsibility to submit an appendix which contains the "parts of the record to which [a party] wish[es] to direct the court's attention." Fed. R. App. P. 30(a)(1)(D). This court is not obliged to "remedy any failure of counsel to provide an adequate appendix." 10th Cir. R. 30.1(A)(3).

The district court's order provides quotations from some of plaintiffs' supporting material. Further, defendants have filed supplemental appendices. We have considered plaintiffs' citations to the district court record only to the extent that the referenced material can be found in either the court order or the supplemental appendices. In the absence of a complete appendix, this court cannot conduct the "fresh analysis of the entire record of the case" urged by plaintiffs. Aplt. Reply Br. at 15.

that, if all their evidence is considered, they have shown disputed issues of fact material to their constitutional and state-law claims against defendants. In their briefs, they consistently refer to defendants as a group, without acknowledging the dissimilar roles played by the different defendants.

## DISCUSSION

We review a district court's ruling on the admissibility of evidence for an abuse of discretion, *Christiansen v. City of Tulsa,* 332 F.3d 1270, 1283 (10th Cir. 2003), and review a summary judgment ruling de novo, applying the same standard as the district court, *Nelson v. Holmes Freight Lines, Inc*., 37 F.3d 591, 594 (10th Cir. 1994). Due to the parties' stipulated dismissal, our task on appeal is much less complex than that of the district court. We need evaluate only the evidence relating to the remaining defendants, the Grady County Board of County Commissioners, Sheriff Florence, and Deputy Pettit.

### Evidentiary Rulings

Plaintiffs' primary challenge to the district court's evidentiary rulings concerns the exclusion of their relatives' testimony on coercion in the recruitment of Ms. Phillips as a confidential informant, but admission of the law enforcement officers' testimony describing a voluntary agreement. They assert that their submissions should be admitted or, alternatively, all testimony on the issue should

be excluded as hearsay.  This argument does not appear to relate to any of the defendants remaining in the appeal.  However, to the extent plaintiffs claim that Deputy Pettit engaged in coercive behavior, we briefly analyze the underlying hearsay issues.

Plaintiffs' only evidence of coercion and lack of knowing consent arises from Ms. Phillips' statements to her stepmother and sister, quoted in the district court's order at 17.  The relatives' testimony relays what Ms. Phillips said that the officers told her and also states that Ms. Phillips said that the officers allowed her to become intoxicated.  The district court excluded this evidence as inadmissible hearsay.  *See* Fed. R. Evid. 801(c), 802.

There is a double hearsay problem with the testimony about the officers' alleged coercion.  The first level of hearsay is the officers' statements to Ms. Phillips; the second is Ms. Phillips' statements to her relatives.  *See* Fed. R. Evid. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule. . . .").  Though the officers' statements to Ms. Phillips are nonhearsay admissions of a party-opponents,  *see* Fed. R. Evid. 801(d)(2)(A), Ms. Phillips' report of the statements to the relatives are not.

Plaintiffs incorrectly argue that this second level of hearsay is admissible under the state-of-mind exception to the hearsay rule.  Federal Rule of Evidence

803(3) allows a declarant's out of court statement "not to prove the truth of the matter asserted, but to show a future intent of the declarant to perform an act." *United States v. Freeman*, 514 F.2d 1184, 1190 (10th Cir. 1975). In other words, statements of intent are admissible to provide a foundation for the declarant's subsequent actions. *Id*. at 1190-91. The relatives' testimony concerns Ms. Phillips' retrospective justification for her serving as a confidential informant. Because it concerns her past, not future, intentions, it does not fall within the state-of-mind exception. The evidence is clearly offered to prove the truth of the matter asserted, and is inadmissible.

A similar analysis leads to the exclusion of relatives' testimony that Ms. Phillips said that she was intoxicated during at least one of the undercover drug buys. Plaintiffs identify no recognized hearsay exception which would apply to this testimony.

In contrast, the law enforcement officers' testimony about Ms. Phillips' statements may be classified as non-hearsay admissions of a party-opponent. The testimony is therefore admissible under Fed. R. Evid. 801(d)(2)(A). *See Estate of Shafer v. Commissioner*, 749 F.2d 1216, 1220 (6th Cir. 1984) (stating that a decedent, "through his estate, is a party to [an] action," so that the decedent's statements "are a classic example of an admission"). The district court

properly applied the rules of evidence and certainly did not abuse its discretion in making its evidentiary rulings.

## Summary Judgment

Plaintiffs assert a litany of complaints about the district court's summary judgment determinations. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52, 256 (1986).

First, we note that plaintiffs have failed to provide significant factual citations or legal argument concerning the district court's grant of summary judgment in favor of the Board and Sheriff Florence in his official capacity. [3] A civil-rights suit against a county or a county official in his official capacity requires a showing that a "policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. County Bd. of County Comm'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998). Accordingly, we decline to disturb the district court's ruling on the liabilities of these defendants.

---

[3]    On plaintiffs' state-law wrongful-death and survivors' actions, their opening brief states that "[t]he District Court ignored evidence of Florence's custom of failing to train, supervise and discipline" and provides a footnote citing to a document that is not in an appendix. Aplt. Br. at 58; *see also* Reply Br. at 22 (repeating the assertion). Needless to say, plaintiffs' unsupported contentions do not create a disputed material fact.

Concerning the individual defendants, Sheriff Florence and Deputy Pettit, we must determine whether any factual issues exist as to their personal participation in the alleged wrongdoing. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). We discern no evidence showing that either Sheriff Florence or Deputy Pettit participated in Ms. Phillips' arrest and detention. Additionally, plaintiffs' supporting materials do not demonstrate that Ms. Phillips was in custody while serving as a confidential informant. As a result, these defendants did not participate in false arrest or false imprisonment activities and are not liable for Fourth Amendment violations.

Plaintiffs have also asserted a Fourteenth Amendment substantive due process claim, based on the theory that defendants created the danger which led to Ms. Phillips' death. "'[T]his court has held that 'state officials can be liable for the acts of third parties where those officials 'created the danger' that caused the harm.'" *Currier v. Doran,* 242 F.3d 905, 917-18 (10th Cir. 2001) (quoting *Seamons v. Snow*, 84 F.3d 1226, 1236 (10th Cir. 1996)) (further quotation omitted).

> To make out a proper danger creation claim, a plaintiff must demonstrate that (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member

-11-

of a limited and specifically definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking.

*Id.* at 918. "[T]he Due Process Clause is not a guarantee against incorrect or ill-advised [government] decisions." *Christiansen,* 332 F.3d at 1282 (quotations omitted). Defendants' conduct must "demonstrate a degree of outrageousness . . . that is truly conscience shocking." *Id.* (quotations omitted). "[N]egligence does not shock the conscience, and . . . even permitting unreasonable risks to continue is not necessarily conscience shocking." *Ruiz v. McDonnell,* 299 F.3d 1173, 1184 (10th Cir. 2002) (quotations omitted), *cert. denied*, 123 S. Ct. 1908 (2003).

When evaluating the evidence, this court carefully examines the conduct of each individual defendant, not the aggregate effect of defendants' actions. *See Currier,* 242 F.3d at 919-23. As to Sheriff Florence and Deputy Pettit, it is arguable that plaintiffs have made a sufficient showing on the first three of the six factors. They were involved in the use of Ms. Phillips as a member of a limited group consisting of confidential informants. Thus, there is an inference that they increased her vulnerability to danger and put her at substantial risk of harm.

There is no evidence, however, on the remaining three factors. Plaintiffs have not shown that the risk of Ms. Phillips' death was obvious to these defendants or that they knew of a specific threat on her life. The only

-12-

relevant evidence on notice of Cheadle's murder solicitation efforts is the self-contradictory testimony of Jackie Lee Melvin, a jail inmate. If one version of his account is credited, he told the jail administrator that Cheadle was "back there trying to talk people into doing favors for him from keeping this girl named Donna from showing up at court." County Comm'rs Supp. App., at 331. Despite plaintiffs' argument to the contrary, there is no evidence that Sheriff Florence or Deputy Pettit were informed of this allegation. [4] Additionally, Mr. Melvin's testimony that Sheriff Florence placed Cheadle in solitary after he returned from the site of the murder scene does not lead to an inference that the Sheriff was aware of a death threat prior to Ms. Phillips' murder.

There is no evidence that these defendants recklessly disregarded a risk that Cheadle would have Ms. Phillips killed. Consequently, their conduct does not demonstrate the degree of outrageousness "that is truly conscience shocking." *Ruiz,* 299 F.3d at 1184 (quotation omitted). Because plaintiffs have not satisfied

---

[4]    In plaintiffs' statement of the case and counter-statement of facts, they state, without citation, that Sheriff Florence was informed of Cheadle's death threat and sheriff's department officers were asked to protect Ms. Phillips. Aplt. App. at 17. We have found no evidence supporting these statements. They further assert that the jail administrator testified that if he heard that an inmate threatened the well-being of "someone outside the jail," he would bring it to the attention of "'the proper authorities.'"   *Id.* at 55, n.81. This testimony is not included in the appendices and we will not consider it on appeal. In any event, the statement does not establish a disputed issue of fact concerning knowledge on the part of either Sheriff Florence and Deputy Pettit.

-13-

the requisite factors, their danger-creation claim does not survive summary judgment.

The remaining constitutional claim is that defendants violated the right of Ms. Phillips' children to have an intimate and familial association with their mother. "[A]n 'allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983.'" *Christiansen,* 332 F.3d at 1283 (quoting *Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985)). As evidence of intent, plaintiffs point only to the hearsay statements that law enforcement officers threatened to take Ms. Phillips' children from her unless she became a confidential informant. Without these inadmissible statements, plaintiffs have not identified any facts presenting a genuine issue of material fact on this claim.

As to plaintiffs' state claims, the only evidence relevant to Sheriff Florence and Deputy Pettit demonstrates actions taken within the scope of their employment. Consequently, they are shielded by the Oklahoma Tort Claims Act, which provides that "[i]n no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant."

Okla. Stat. tit. 51, § 163(C). [5] The district court correctly entered summary judgment on these claims.

## CONCLUSION

Ms. Phillips' death is truly regrettable, and we recognize that it has significant consequences to plaintiffs. [6] Nevertheless, plaintiffs have not come forward with evidence creating genuine issues of disputed material fact on any

---

[5] Section 163(C) contains an inapplicable exception to blanket employee immunity relating to resident physicians and interns.

[6] As a final matter, we register our disapproval of the approach plaintiffs' counsel has taken to this appeal. The appellate briefs mischaracterize the district court's rulings. One example is counsel's assertion that the district court made an erroneous finding of fact that Cheadle learned that Ms. Phillips was an informant through her admission to Cheadle's wife. Aplt. Br. at 34. The court's order, however, states that Ms. Phillips' identity could have become known to Cheadle "by deduction *or* from Donna's outburst in the Grady County Jail . . . *and/or* from her telephone call and admission to Cheadle's wife." Order at 37 (emphasis added). In a similar vein, counsel states that the district court ignored a disputed issue of fact by concluding that "Ms. Phillips was 'eager to assist the officers and volunteered to serve as a confidential informant.'" Aplt. Reply Br. at 6 (quoting Order at 8). In fact, that portion of the order prefaced the remark with "[a]ccording to [defendant] Johnson." Later, the court did conclude that, with the exclusion of the hearsay evidence, there was no issue of material fact about the voluntariness of Ms. Phillips' consent. *See* Order at 33. As we have stated in the text, the district court correctly excluded the hearsay evidence.

In addition to shading the district court's rulings, plaintiffs have made disorganized arguments obscured by overblown language, treated defendants as a generic group, and failed to provide an adequate appendix. These defects made it difficult to analyze plaintiffs' appellate position. After independently examining the applicable law and reviewing the parties' submissions, we find no basis for reversing the district court's entry of summary judgment. We caution counsel against repeating this type of conduct in future appeals.

-15-

of their claims. Consequently, the judgment of the district court is AFFIRMED.

Based on the parties' stipulated notice of dismissal, the appeal is DISMISSED

as to defendants Jason Carpenter, Brad Crawford, Dustin Dowdle, Randy Johnson,

City of Chickasha, and City of Tuttle.

Entered for the Court


Stephen H. Anderson
Circuit Judge